The Honorable Marvin Parks State Representative 246 Highway 225 West Greenbrier, AR 72058-9452
Dear Representative Parks:
You have requested an Attorney General opinion concerning the bidding process that is required for state projects.
You describe a scenario in which one of your constituents was the low bidder on a state Parks and Tourism project through State Building Services. At the time that the sealed bids were opened and compared (but before a contract was signed), your constituent did not have the "sewer utilities classification" on his license. You indicate that he was actually qualified in this area, but that fact was not reflected on his license. He had the classification on his license within hours of the opening and comparison of the bids. Nevertheless, its absence at the time of opening and comparison was brought to the attention of State Building Services, and they are now planning to re-open the bidding procedure. You point out that your constituent had already "shown his cards" with the low bid, and that a re-bidding process would cost him the job.
In light of the foregoing situation, you have presented the following question:
 Is it necessary to re-open the bidding procedure when all requirements are met before a contract was signed?
It is my opinion that state law does not require that the bidding procedure be re-opened in a situation such as the one you have described. However, state law does not prohibit the re-opening of the bidding procedure in this situation either.
Both A.C.A. § 22-9-203(d) and A.C.A. § 19-4-1405(b)(2) are applicable to this situation, and both statutes grant the contracting agency wide discretion in the conduct of the bidding procedure.
A.C.A. § 22-9-203(d) states:
 (d) On the date and time fixed in the notice, the board, commission, officer, or other authority in which or in whom authority is vested to award contracts, shall open and compare the bids and thereafter award the contract to the lowest responsible bidder, but only if it is the opinion of the authority that the best interests of the taxing unit would be served thereby.
A.C.A. § 22-9-203(d) (emphasis added).
Similarly, A.C.A. § 19-4-1405(b) states:
 (b)(1) On the date and time fixed in the notice, the agency shall open, tabulate, and compare bids, and award the contract to the lowest responsible bidder.
 (2) However, the agency shall have the right to reject any or all bids.
A.C.A. § 19-4-1405(b) (emphasis added).
Under both of the above-quoted statutes, the contracting agency may, in effect, call a halt to the bidding procedure by rejecting any and all bids, and may do so merely on the basis of its opinion that acceptance of the submitted bids would not be in the best interest of the taxing unit (provided that it acts in good faith and for good cause). This discretion of the contracting agency has been recognized and affirmed by the Arkansas Supreme Court. See Conway Corp. v. Construction Eng'rs,300 Ark. 225, 778 S.W.2d 919 (1989), cert. denied, 494 U.S. 1080 (1990);Worth James Construction Co. v. Jacksonville Water Comm'n, 267 Ark. 214,590 S.W.2d 256 (1979).
Nevertheless, state law does not require that the bidding procedure be re-opened in a situation such as the one you have described. That situation is similar to a situation that was recently considered by the Arkansas Supreme Court in Quality Fixtures v. Multi-Purpose FacilitiesBoard, Case No. 98-834, March 25, 1999. In that case, the Multi-Purpose Facilities Board for Pulaski County requested bids for certain construction work at the Alltel Arena in North Little Rock. Two companies, Quality Fixtures and Hussey Seating Co., submitted sealed bids. On March 10, 1998, the bids were opened and compared, and Hussey's was the lower of the two. The two bidders were then advised that the Board would make its decision after review of the bids, the bonds, and the status of the companies' contractor's licenses. In conducting the review, the Board learned that Hussey's contractor's license had expired on July 31, 1997. On March 27, 1999, Hussey admitted that it had committed several violations, including submitting a bid without having a current contractor's license. Hussey paid a penalty for its violations and renewed its contractor's license on April 1, 1999. On April 9, 1999, the Board waived any deficiencies in Hussey's original bid and awarded the contract to Hussey. Quality then filed suit, requesting an injunction to prevent the Board from awarding the contract to Hussey, and requesting that the Board be ordered to award the contract to Quality. The chancery court granted summary judgment in the Board's favor. On appeal, Quality argued that Hussey should have been precluded from bidding on the project, because of its deficiencies, and that although the Board could waive technical deficiencies, it could not waive illegalities. The Supreme Court rejected these arguments and held that because Hussey had corrected its license deficiency by the time the contract was awarded, the Board did not act improperly in awarding the contract to Hussey. A crucial factor in the court's decision was its differentiation between the date on which the bids were considered (i.e., the date on which they were opened and compared (March 10), and the date on which the contract was awarded (April 9).
The Quality Fixtures case supports the proposition that if a deficiency exists at the time bids are opened and compared, but is corrected before the contract is awarded, the bidding procedure need not be re-opened.
On the basis of the foregoing authorities, I conclude that a contracting agency is not required to re-open bids in a situation such as the one you have described. However, the law does not prohibit it from doing so.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh